# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re: LATOYA S. LEWERS                                CHAPTER 13
                                                       NO: 11-12178 DWH

### RESPONSE TO MOTION SEEKING CONFIRMATION
### OF THE EXPIRATION OF THE AUTOMATIC STAY OR IN THE
### ALTERNATIVE TO LIFT STAY AND FOR ABANDONMENT

COMES NOW, LATOYA S. LEWERS, Debtor in the above styled and numbered cause, by and through undersigned counsel, and files this her Response to Motion Seeking Confirmation of the Expiration of the Automatic Stay or in the Alternative to Lift Stay and for Abandonment, said Motion having been filed by Sidney L. Hurdle and Doris B. Avant for Panola County Farms ("PCF") (Dk #23), respectfully showing unto the Court as follows:

1. The allegations of paragraph one of the Motion are admitted.

2. The allegations of paragraph two of the Motion are admitted.

3. The allegations of paragraph three of the Motion are admitted.

4. The Debtor admits that the case filed in 2005 was voluntarily dismissed, but the dismissal and refiling was done because the new case would have a payment that was more manageable at the time.

5. The allegations of paragraph five of the Motion are admitted.

6. The Debtor admits that the Automatic Stay is in effect as to property of the Debtor for only 30 days. However, the Stay remains in full force and effect as to property of the estate and all property of the Debtor is also propery of the estate. Thus, an extention of the stay is not necessary.

7. The allegations of paragraph seven of the Motion are admitted.

8. The allegations of paragraph eight of the Motion are admitted.

9. The Debtor admits that taxes are owed to the Panola County Tax Collecter, but asserts that the property has never been sold; thus, the taxes only remain a lien on the property and since the stay precludes the county from selling the parcel for outstanding taxes, they can be paid through the plan to clear the title to the property.

10. The Debtor denies the valuation asserted by PCF.

11. The allegations of paragraph eleven of the Motion are denied.

12. The creditor fails to understand that the Current Monthly Income shown on the Plan is the average income received by the Debtor and her husband in the 6 months preceding the filing of the case (excluding income received under the Social Security Act), not the projected income of the Debtor and her husband.  As can be seen by Schedule I, the projected net income of the Debtor and her husband is $4,126.00.

13. The Debtor does not deny the age of the Mr. Hurdle and Ms. Avant, but this has no effect on the rights of the Debtor to pursue the Chapter 13 Plan.

14. The allegations of paragraph fourteen of the Motion are denied.

15. The Debtor asserts that there is a significant change in circumstances in her situation now and her situation in the past bankruptcy case.  In the past case, the Debtor lost her job and was without income for a period of time until she was approved for Social Security Disability Benefits. During that time, she fell behind in her plan payments to the extent that she could not bring them current.  Since the filing of the last case, the debtor has married and the combined income of the Debtor and her husband is clearly sufficient to fund the plan.

WHEREFORE, Debtor pray that upon a hearing hereon, this Court will enter its Order denying the Motion Seeking Confirmation of the Expiration of the Automatic Stay or in the Alternative to Lift Stay and for Abandonment and dismissing the same. Debtor prays for such other, further and general relief to which she may be entitled.

                                                Respectfully Submitted,
                                                LATOYA S. LEWERS, Debtor

                                          By: /s/ Robert Gambrell
                                            ROBERT GAMBRELL, Atty for Debtor

## CERTIFICATE OF SERVICE

I, ROBERT GAMBRELL, Attorney for the above listed Debtor, do hereby certify that the following have been served electronically via ECF the above Response to Motion Seeking Confirmation of the Expiration of the Automatic Stay or in the Alternative to Lift Stay and for Abandonment:

Henry G. Hobbs, Jr.: Acting U. S. Trustee: USTPRegion05.JA.ECF@usdoj.gov
Locke D. Barkley, Chapter 13 Trustee: sbeasley@barkley13.com
Frank M. Hurdle: frankhurdle@hurdlelaw.com

This the 29th day of July, 2011.

                                            /s/ Robert Gambrell
                                           ROBERT GAMBRELL
                                           101 Ricky D. Britt Blvd. Ste 3
                                           Oxford, MS 38655
                                           Ph: 662-281-8800 / Fax: 662-202-1004
                                           MS Bar #4409